UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:12-CR-420 |
| | : | Case No. 1:16-CV-798 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 24] |
| GARCELLIUS REMBERT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Garcellius Rembert petitions for habeas corpus relief under 28 U.S.C. § 2255. He argues that his predicate offenses no longer qualify as crimes of violence and he was improperly sentenced under the United States Sentencing Guideline § 2K2.1(a)(2).[1] The Supreme Court's recent opinion in *Beckles v. United States*[2] forecloses his argument.

Defendant Rembert's argument centers on the relationship between the Guidelines and the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*, holding that the residual clause of the Armed Career Criminals Act was unconstitutionally vague.[3] If a sentencing court imposed an increased sentence based on felonies that qualified under the residual clause alone, that sentence violated a criminal defendant's constitutional right to due process.[4]

---

[1] Doc. 24. The Government opposes. Doc. 27. Defendant Rembert replied. Doc. 28.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[4] *Id.*

Case No. 1:12-CR-420
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally challenge his ACCA affected sentence in a § 2255 habeas proceeding.[5]

The Guidelines' career offender provision defines "crime of violence" using the same language ruled unconstitutional in *Johnson*.[6] Therefore, since *Johnson*, many criminal defendants sentenced using the Guidelines' "crime of violence" provision have argued that *Johnson*'s holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. There, Petitioner argued that because the Court's *Johnson* opinion held "that the identically worded residual clause in the Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause is also void for vagueness."[7] The Court held that because of the Guidelines' advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[8]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending across the federal courts. Accordingly, this Court **DENIES** Defendant Rembert's § 2255 petition.

IT IS SO ORDERED.

Dated: March 20, 2017                    *s/       James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

-2-

---

[5] *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257, 1265 (2016).
[6] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[7] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[8] *Id.*